**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00303 JLT SKO |
| Plaintiff, | ORDER DENYING MOTIONS TO REDUCE SENTENCE |
| v. | (Docs. 139, 142) |
| MIRNA MEDINA, | |
| Defendant. | |

Mirna Medina moves to reduce her sentence based on amendments to the Sentencing Guidelines that became effective in November 2025, citing 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the Sentencing Guidelines. (Doc. 139.) She also requests a reduction in her sentence based on § 3582(c)(1)(A) for "extraordinary and compelling" reasons. (Doc. 142.) The Court referred both motions to the Office of the Federal Defender, which gave notice that it would not assume the representation. (Docs. 140, 141, 143, 144.) The government opposes her motions. (Docs. 146, 150.) The Court found a hearing unnecessary. (Docs. 140, 143.)

Under § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may request a sentencing reduction by filing a motion. The Court can grant such a motion if the proposed reduction "is consistent with applicable policy statements issued by the Sentencing

1

Commission." 18 U.S.C. § 3582(c). The applicable policy statements are found in section 1B1.10 of the Sentencing Guidelines. A reduction is not consistent with the policy statement if the amendment in question is not listed in section 1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(2)(A), (b)(1). The amendment that became effective in November 2025 is not listed in section 1B1.10(d). Medina's motion to reduce her sentence based on that amendment is therefore denied.

Under § 3582(c)(1)(A), a defendant may move for a sentencing reduction based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) includes an administrative exhaustion requirement. A defendant can file a motion under § 3582(c)(1)(A) only after she asks the warden to file a motion on her behalf, and either (1) the warden denies that request and she unsuccessfully appeals the denial, or (2) thirty days pass without a response from the warden. *See United States v. Wright*, 46 F.4th 938, 945 & n.3 (9th Cir. 2022). Medina does not contend that she has satisfied this requirement. Her motion based on § 3582(c)(1)(A) is therefore also denied. The Court need not and does not decide whether Medina's motion satisfies any of the other requirements of § 3582(c)(1)(A).

In sum, the motions for sentencing reductions (Docs. 139, 142) are **DENIED**.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

UNITED STATES DISTRICT JUDGE

2